The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
I am writing in response to your request for my opinion concerning restrictions imposed by the City of Cabot on the use of advertising and promotion funds collected pursuant to the Advertising and Promotion Commission Act (the "Act"), A.C.A. § 26-75-601 et seq. On May 11, 1992, the Cabot city council enacted Ordinance No. 10, 1992 (the "Ordinance") pursuant to A.C.A. § 26-75-602. The Ordinance levied a 1½% tax on gross receipts or gross proceeds collected by various establishments from the sale of prepared food and beverages. Section 6 of the Ordinance restricted the use of the funds to construction and maintenance of public parks and recreation facilities. Your question is as follows:
 Can the City Council restrict the usage of the funds collected pursuant to the Advertising and Promotion Tax to this allowable purpose to the exclusion of the other purposes allowed by the code?
RESPONSE
In my opinion, the answer to your question is "no."
Under the Act, it is clearly permissible to devote gross-receipts tax revenues to the construction and maintenance of city parks. Section 2 of the Ordinance properly declares that the tax is enacted pursuant to A.C.A. § 26-75-602.[1] Subsection 26-75-606(c)(1) of the Code provides that "[a]ll local taxes levied as authorized in § 26-75-602(a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section." Subsection 26-75-606(b)(2) provides:
 Funds credited to the city advertising and promotion fund pursuant to this subchapter may be used, spent, or pledged by the commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city, including but not limited to facilities constituting city parks, and also for the payment of the principal of, interest on, and fees and expenses in connection with, bonds, as provided in this subchapter, in the manner as shall be determined by the city advertising and promotion commission for the purpose of such payment.
The construction and maintenance of city parks is thus an expressly authorized use of advertising and promotion funds. See also Ark. Op. Att'y Gen. No. 89-211.
However, the question remains whether the city council is itself empowered to commit tax revenues to this permissible use. As previously stated, I believe this question must be answered in the negative. Significantly, in the statute just quoted, "the commission," not the city council, is identified as the entity authorized to use, spend or pledge funds. The source of that authority is found at A.C.A. § 26-75-606(a)(1) and (2). After listing a variety of permissible uses of the funds, subsection (1) directs that the funds be allocated "in the manner as shall be determined by the city advertising and promotion committee." Any lingering doubt about the committee's exclusive authority to choose among permissible uses is resolved by subsection (2), which bluntly declares: "The commission is the body that determines the use of the city advertising and promotion fund." In short, whereas the city council has the authority to enact a tax ordinance under the Act, only the commission has the authority to determine how the revenues will be used.
The Ordinance enacted by the Cabot city council clearly runs afoul of these legislative directives. Although Section 8 of the Ordinance duly creates a "City Advertising and Promotion Commission" and purports to charge it with "the powers and duties prescribed by Arkansas Code Annotated Sections 26-75-601 and following," Section 6 attempts to impose a severe restriction on the commission's statutory discretion:
 Pursuant to Arkansas Code Annotated Section 26-75-606(b)(2), funds credited to the city advertising and promotion fund may be used, spent, or pledged by the commission EXCLUSIVELY for the construction, reconstruction, expansion, repair, maintenance, improvement, capital improvement, equipping, and operation of public parks and/or recreation facilities owned and/or operated by the City of Cabot and for the payment of the principal of, interest on and fees and expenses in connection with, bonds as provided in Arkansas law in the manner as shall be determined by the city advertising and promotion commission for this exclusive purpose.
(Emphasis in original.) In my opinion, this provision directly contradicts the law it invokes as authority, since the recited statute expressly vests in the commission alone the power to determine how the funds will be used.
As a matter of constitutional law, municipal corporations derive their legislative powers from the general laws of the state. Ark. Const. art.12, § 4. A municipality has no powers except those expressly conferred by the legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purpose expressly declared. Cityof Lowell v. M N Mobile Home Park, Inc., 323 Ark. 332, 336,916 S.W.2d 95, 97 (1996). Nothing in the Code authorizes the Cabot city council to legislate on the scope of powers vested in an advertising and promotion commission; indeed, the Code expressly forecloses any such legislation by itself defining a commission's powers. A.C.A. §26-75-606. It follows that the Cabot city council was wholly without authority to enact an ordinance whereby it purported to restrict the uses of tax revenues and that its action in doing so amounted to an impermissible effort to arrogate the General Assembly's legislative power.
Finally, I should note that Section 10 of the Ordinance contains a standard severability clause declaring that if any provision of the Ordinance is held invalid, the remaining provisions will continue in effect. In my opinion, in accordance with this provision, only Section 6 of the Ordinance would likely be stricken if challenged.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] Section 1 of the Ordinance recites authority to impose a 3% tax for purposes authorized by the Act, as provided in A.C.A. § 26-75-602(a). Subsection (b) authorizes an additional 1% tax for "the promotion and development of city parks and recreation areas" in cities of the first class containing a park of 1,000 acres or more. Subsection (b) does not apply in this case, since it only authorizes imposing a tax of precisely 1%. Ark. Op. Att'y Gen. No. 93-359.